NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARRICK DEE JONES, *Appellant.*

No. 1 CA-CR 16-0407
FILED 5-25-2017

Appeal from the Superior Court in Maricopa County
No.  CR2013-004450-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mays Law Office PLLC, Phoenix
By Wendy L. Mays
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

_____

**J O N E S**, Judge:

¶1        Darrick Jones appeals his conviction and sentence for one count of sexual conduct with a minor.  After searching the entire record, Jones' defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Jones was afforded an opportunity to file a supplemental brief *in propria persona* but did not do so.  After reviewing the record, we find no error.  Accordingly, Jones' conviction and sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In December 2011, thirteen-year-old T.R. traveled to an art show in Phoenix with her step-mother's brother, Jones, and his parents.  After Jones' parents went to a casino, T.R. watched television in the group's hotel room for a little while before falling asleep fully clothed.  When T.R. awoke, her pants were down by her ankles and Jones was lying on top of her, with "[h]is private part . . . inside of [T.R.'s] private part."  T.R. attempted to fight Jones off, but he continued having sexual intercourse with her.  T.R. did not tell anyone immediately after the episode because she was scared and did not think Jones' parents would help her.

¶3        Eventually, T.R. reported the incident to her father's then-girlfriend; that woman then contacted the police.  During a subsequent interview with the police, Jones admitted he "did it."

_____

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶4        After a ten-day trial, the jury convicted Jones of sexual conduct with a minor, a dangerous crime against children. The trial court sentenced Jones as a non-dangerous, non-repetitive offender to a mitigated term of fourteen years' imprisonment. Jones was also given credit for 906 days of presentence incarceration. Jones timely appealed. This Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶5        Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). "A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." A.R.S. § 13-1405(A). "'Sexual intercourse' means penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." A.R.S. § 13-1401(A)(4). Based upon the record before us, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Jones was guilty of the charged offense.

¶6        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Jones was represented by counsel at all stages and was present at all critical stages of the proceedings, including the entire trial and the verdict. *See, e.g., State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). At sentencing, Jones was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701(C), -705(C), -1405(B).

## CONCLUSION

¶7        Jones' conviction and sentence are affirmed.

---

2      Absent material changes from the relevant date, we cite a statute's current version.

**¶8** Defense counsel's obligations pertaining to Jones' representation in this appeal have ended. Defense counsel need do no more than inform Jones of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9** Jones has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Jones thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

